

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JERALD R. DAVIDSON,

     Petitioner,

v.                         Civil Action No. **3:08cv406**

GENE M. JOHNSON,

     Respondent.

## MEMORANDUM OPINION

On June 30, 2008, Jerald R. Davidson, a Virginia state prisoner proceeding <u>pro se</u>, submitted a petition under 28 U.S.C. § 2254 on a form that was not the standardized form prescribed by local district court rule for use in the Eastern District of Virginia. <u>See</u> E.D. Va. Loc. Civ. R. 83.4(A). Moreover, instead of setting forth Ground Two in the space provided on that form, Davidson simply wrote: "See Exhibit (1)," which was a copy of the Court of Appeals of Virginia's decision rejecting his appeal. In the memorandum attached to that petition, Davidson failed to particularize his claims or succinctly set forth any factual allegations in support of his claims and, instead, directed the Court to two exhibits ("Exhibit (1)" and "Exhibit (2)").[1] Accordingly, by Memorandum Order entered July 9, 2008, the Court filed Davidson's § 2254 petition but directed Davidson to complete

---

[1] The Court of Appeals of Virginia's decision was the only exhibit Davidson attached to his petition and presumably was "Exhibit (1)." Thus, the Court does not know what document comprises "Exhibit (2)."

and return the court-approved standardized form for filing a § 2254 petition in the United States District Court for the Eastern District of Virginia. The Court informed Davidson that:

> The Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds concisely set forth on the standardized form for filing a § 2254 petition. If Petitioner has more than four grounds for relief, additional grounds for relief must be numbered and clearly set forth on any attached pages. The Court will not, however, scan the record in search of claims that have not been clearly and concisely set forth on the standardized form for filing a § 2254 petition . . . . Accordingly, claims that may be lurking in an exhibit attached to the § 2254 petition may not be brought in by oblique reference to that exhibit and must be squarely presented to this Court in Petitioner's § 2254 petition.

See July 9, 2008 Mem. Order (citations omitted).

The Clerk of the Court then sent Davidson the court-approved standardized form for filing a 28 U.S.C. § 2254 petition in the Eastern District of Virginia.[2] Thereafter, Davidson returned the court-approved standardized form and paid the full filing fee. Although Davidson only listed one ground for relief, instead of setting forth this ground for relief on the standardized form and

---

[2] The first page of that standardized form states: "**CAUTION: You must include in this petition all grounds for relief from the conviction or sentence that you challenge. And you must state the facts and law that support each ground. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.**" (Standardized Form for Filing Petition Under 28 U.S.C. § 2254, 1 at ¶ 9.) The sixth page of the standardized form provides: "For this petition, state every ground on which you [intend to rely]. Attach additional pages if you have more than four grounds." (Standardized Form for Filing Petition Under 28 U.S.C. § 2254, 6 at ¶ 12.)

attaching additional pages only if he had more than four grounds for relief, under Ground One Davidson simply wrote: "Ineffective Assistance of Counsel." Thereafter, in the space provided for setting forth his factual allegations in support of this claim, Davidson wrote: "See Attached Memorandum." The attached memorandum largely mirrored the memorandum Davidson previously submitted and also contained references to various exhibits, which Davidson failed to attach to the memorandum. Additionally, in the factual allegations portion of the memorandum, Davidson discussed representation by three different attorneys. Thus, it was not clear which attorney Davidson was alleging provided deficient assistance or how a particular attorney's actions prejudiced Davidson's case.

## Discussion

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A petition for a writ of habeas corpus must specify the grounds for relief. Rules Governing Section 2254 Cases, Rule 2(c). The petition must also state, under penalty of perjury, the facts that support each ground for relief. Id. The petitioner must make specific factual allegations in the petition that would entitle him to habeas corpus relief if they are true. Jones v. Polk, 401 F.3d 257, 269 (4th Cir. 2005); see also Adams v. Armontrout, 897 F.2d

332, 333-34 (8th Cir. 1990).   In addition, a § 2254 petition presented pro se must be upon the form approved by the Court.  See Rules Governing Section 2254 Cases, Rule 2(d); E.D. Va. Loc. Civ. Rule 83.4(A).  This requirement ensures that all the necessary information is before the Court, that each ground for relief is clearly stated, and that the petitioner provides the facts supporting that ground for relief.  Rules Governing Section 2254 Cases, Rule 2(c).  If a § 2254 petition contains no grounds entitling the petitioner to habeas corpus relief, the Court must dismiss the petition.  Rules Governing Section 2254 Cases, Rule 4.[3]

Rule 2(d) of the Rules Governing Section 2254 Cases provides that an application for relief under § 2254 "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  The Court is aware that Davidson is proceeding without an attorney.  Nevertheless, even a pro se litigant is required to follow the rules of procedure.  See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) (holding

___

[3] Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rules Governing Section 2254 Cases, Rule 4; Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 & n.11 (4th Cir. 2006).  The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rules Governing Section 2254 Cases, Adv. Comm. Note to Rule 4 (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

4

that district court did not err in refusing to entertain the habeas petition when appellant failed to follow local rule requiring the court-approved standardized form be completed and instead wrote "see attached forms" on the court-approved standardized form; cf. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissing complaint where pro se litigant failed to follow the court's directives).

The type of filing that simply references attachments requires the Court to expend considerable time and resources attempting to determine which claims the petitioner seeks to raise before the Court. Furthermore, it inappropriately urges the Court to act as the petitioner's advocate by selecting the most promising claims from a mass of verbiage.[4] See Brock v. Caroll, 107 F.3d 241, 243 n. 3 (4th Cir. 1997) (Luttig, J., concurring) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)); see also Alexander v. Gilmore, 202 F. Supp. 2d 478, 480 (E.D. Va. 2002) (citing cases). The proper use of the standardized form for filing a § 2254 petition results in administrative convenience and benefit to both the petitioner and the Court. Here, Davidson apparently expects the Court to sift through his memorandum and the exhibits

---

[4] Petitioners are not precluded from submitting attachments or exhibits to the petition; however, the Court will not determine a petitioner's claims for him based solely on his attachments.

he purportedly attached to that memorandum[5] to glean the basis for his claims.  The Court declines to engage in such a time-consuming effort.  Although Davidson returned the court-approved standardized form, it was not completed in the manner dictated by Local Civil Rule 83.4(A) and this Court's Memorandum Order of July 9, 2008; more specifically, Davidson did not adequately set forth his grounds for relief or his factual allegations on the standardized form or even in the memorandum he attached to the standardized form, but instead referenced exhibits that were not before the Court.   Accordingly, Davidson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 will be DISMISSED WITHOUT PREJUDICE for failure to comply with Eastern District of Virginia Local Civil Rule 83.4(A) and this Court's Memorandum Order entered July 9, 2008.   See Fed. R. Civ. P. 41(b); Rule Governing Section 2254 Cases, Rule 4.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to Davidson.

An appropriate Order shall issue.

/s/  REP
SENIOR UNITED STATES DISTRICT JUDGE

Date: September 8, 2008
Richmond, Virginia

---

[5] The exhibits Davidson referenced in his memorandum were not attached to his second habeas petition.

6